UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                         **MEMORANDUM OF LAW & ORDER**
                           Criminal File No. 7-211 (MJD/JSM)

(1) ANTHONY ISAAC WILLIAMS,

    Defendant.

LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

Anthony Isaac Williams, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Anthony Isaac Williams' motion to dismiss for lack of jurisdiction. [Docket No. 49]

## II.    BACKGROUND

On November 27, 2007, Defendant pled guilty to Count 1 of the Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). In the Plea Agreement, Defendant admitted that the firearms that

he possessed were manufactured outside the State of Minnesota.  (Plea Agreement ¶ 2.)

### III.   DISCUSSION

Defendant argues that the Court had no jurisdiction to convict and sentence him.  Specifically, first, he asserts that the Government failed to establish that the statute under which he was convicted contained a nexus with interstate commerce.  ([Docket No. 49-1] Def. Brief at 9.)  Second, he claims that the Government failed to establish that Defendant's conduct had a nexus with interstate commerce.  (Id.)  Third, he asserts that the Indictment failed to allege that his conduct affected interstate or foreign commerce.  (Id. at 12.)  The Court rejects these arguments and holds that the Court did have jurisdiction in this case.

First, the statute under which Defendant was convicted is a permissible exercise of federal jurisdiction.  The Eighth Circuit has explicitly "held that § 922(g)(1) is a permissible extension of congressional authority pursuant to the Commerce Clause."  United States v. Hill, 386 F.3d 855, 859 (8th Cir. 2004).  See also United States v. Schmidt, 571 F.3d 743, 746 (8th Cir. 2009) ("This court has repeatedly held § 922(g)(1) . . . is expressly tied to interstate commerce.").

"[S]ection 922(g) contains an interstate commerce element – that the firearms in question must have been shipped, transported, or possessed 'in or affecting' interstate commerce – which in turn ensure[s], through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Schmidt, 571 F.3d at 746 (citation omitted).

Second, the Government established that Defendant's conduct had a sufficient nexus with interstate commerce.

> Satisfying the interstate commerce element of 18 U.S.C. § 922(g) requires only the minimal nexus that the firearm have been, at some time, in interstate commerce. A firearm manufactured in a state other than the one in which it was found provides a sufficient relationship to interstate commerce.

United States v. Nash, 627 F.3d 693, 696-97 (8th Cir. 2010) (citations omitted). Therefore, the fact that the defendant possessed a firearm in Minnesota that was manufactured in another state provides "a sufficient interstate nexus to provide federal jurisdiction." Id. at 697.  It is not necessary that the defendant had any involvement in the firearm's travel through interstate commerce. See United States v. Sianis, 275 F.3d 731, 734 (8th Cir. 2002).  Here, Defendant admitted that the firearms that he possessed in Minnesota were manufactured outside Minnesota.  Jurisdiction was established.

Third, the Indictment alleged that, "in the State and District of Minnesota," Defendant "did knowingly possess in and affecting interstate commerce firearms." Therefore, it contained the necessary reference to a nexus to interstate commerce.

The Court possessed jurisdiction in the case. Defendant's motion to dismiss is denied.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Anthony Isaac Williams' motion to dismiss for lack of jurisdiction [Docket No. 49] is **DENIED**.

Dated:  June 24, 2015                    s/ Michael J. Davis
                                         Michael J. Davis
                                         Chief Judge
                                         United States District Court