UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

    Plaintiff,

v().                              **MEMORANDUM OF LAW & ORDER**
                                  Criminal File No. 7-211 (MJD/JSM)

(1) ANTHONY ISAAC WILLIAMS,

    Defendant.

---

Anthony Isaac Williams, pro se.

---

## I.    INTRODUCTION

This matter is before the Court on Defendant Anthony Isaac Williams' letter request for appointment of counsel. [Docket No. 52]

## II.    BACKGROUND

On November 27, 2007, Defendant pled guilty to Count 1 of the Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). As part of Defendant's guilty plea, he agreed that he had previously been convicted of: Third Degree Sale of Cocaine; Fourth Degree Possession with Intent to Distribute Heroin; and Possession with Intent to

1

Distribute Heroin.  At sentencing, the Court found that Defendant was an Armed Career Criminal based on the three prior drug offenses and sentenced him accordingly.

Defendant has now filed a motion seeking appointment of counsel to assist him in seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

## III.   DISCUSSION

The Court denies Defendant's request for appointment of counsel.

The Armed Career Criminal Act ("ACCA") provides that a 15-year mandatory minimum sentence applies to a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" and/or a "serious drug offense."  18 U.S.C. § 924(e)(1).  The ACCA further defines "violent felony" as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  Id.  The clause "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause."

Johnson held that the residual clause of the ACCA is void for vagueness. 135 S. Ct. at 2557, 2563. Johnson did not address the definition of a serious drug offense under the ACCA.

In this case, the Court determined that Defendant was subject to the ACCA because he had three predicate serious drug offenses: Third Degree Sale of Cocaine; Fourth Degree Possession with Intent to Distribute Heroin ; and Possession with Intent to Distribute Heroin. These convictions do not fall under the "residual clause" found unconstitutional in Johnson. Defendant was not subject to the ACCA based on prior violent felonies.

Because Johnson is not applicable to Defendant's case, appointment of counsel to file a motion under Johnson would benefit neither Defendant nor the Court. See Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Anthony Isaac Williams' letter request for appointment
of counsel [Docket No. 52] is **DENIED**.

Dated:  August 31, 2016         s/ Michael J. Davis
                                Michael J. Davis
                                United States District Court