UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                               **MEMORANDUM OF LAW & ORDER**
                                 Criminal File No. 7-211 (MJD/JSM)

(1) ANTHONY ISAAC WILLIAMS,

      Defendant.

LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

Anthony Isaac Williams, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Anthony Isaac Williams' Pro Se Motion Regarding Supervised Release. [Docket No. 60]

## II.    BACKGROUND

On November 27, 2007, Defendant pled guilty to Count 1 of the Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The Court sentenced Defendant to a term of imprisonment to be followed by a term of supervised release.

Defendant has now filed a letter motion questioning the constitutionality of supervised release.  In particular, Defendant questions whether the imposition of supervised release violates the Double Jeopardy clause or the Due Process clause of the United States Constitution.

III.  **DISCUSSION**

The Court is permitted to include supervised release after imprisonment by way of 18 U.S.C. § 3583(a), which states:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute . . . .

**A.    Double Jeopardy**

The Double Jeopardy clause "proscribes being 'twice put in jeopardy of life or limb' for the same offense."  United States v. Bass, 794 F.2d 1305, 1308 (8th Cir. 1986) (quoting U.S. Const. amend. V).  "It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense."  N. C. v. Pearce, 395 U.S. 711, 717 (1969) (footnotes omitted) overruled on other grounds by Ala. v. Smith, 490 U.S. 794 (1989).

"A hearing to determine whether supervised release should be revoked, however, is not a criminal prosecution." United States v. Bennett, 561 F.3d 799, 802 (8th Cir. 2009). And "a sentence imposed upon revocation of supervised release is not a new punishment but rather 'relate[s] to the original offense.'" United States v. Richey, 758 F.3d 999, 1001 (8th Cir. 2014) (quoting Johnson v. United States, 529 U.S. 694, 701 (2000)). Defendant, "therefore, [i]s not at risk for either successive prosecution or successive punishment at [any] revocation hearings, and double jeopardy concerns d[o] not arise." Bennett, 561 F.3d at 802 (footnote omitted).

Accordingly, the Court finds that there was no Double Jeopardy violation created by the imposition of Defendant's supervised release sentence.

B.  **Due Process**

"The 'full panoply of rights due a defendant in [a criminal prosecution]' do not apply in revocation proceedings, but a defendant contesting revocation is entitled to 'the minimum requirements of due process,' including 'the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).'" United States v. Simms, 757 F.3d 728, 731 (8th Cir. 2014) (quoting Morrissey v. Brewer, 408 U.S. 471, 480, 489 (1972)). Defendant has not been subject to any revocation hearing,

and there is no basis to assert that, should one ever occur, it will not comply with Due Process requirements.

The Court finds no Due Process violation has been implicated in the imposition of Defendant's supervised release sentence.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Defendant Anthony Isaac Williams' Pro Se Motion Regarding Supervised Release [Docket No. 60] is **DENIED**.

Dated:   December 13, 2016         s/ Michael J. Davis
                                                         Michael J. Davis
                                                         United States District Court