UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            **MEMORANDUM OF LAW & ORDER**
                               Criminal File No. 7-211 (MJD/JSM)

(1) ANTHONY ISAAC WILLIAMS,

        Defendant.

Anthony Isaac Williams, <u>pro se</u>.

## I.    INTRODUCTION

This matter is before the Court on Defendant Anthony Isaac Williams' letter request for appointment of counsel. [Docket No. 64]

## II.    BACKGROUND

On November 27, 2007, Defendant pled guilty to Count 1 of the Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). As part of Defendant's guilty plea, he agreed that he had previously been convicted of: Third Degree Sale of Cocaine; Fourth Degree Possession with Intent to Distribute Heroin; and Possession with Intent to

1

Distribute Heroin. At sentencing, the Court found that Defendant was an Armed Career Criminal based on the three prior drug offenses and sentenced him accordingly.

On August 31, 2016, the Court denied Defendant's request for appointment of counsel in order to file a habeas petition under Johnson v. United States, 135 S. Ct. 2551 (2015), because Johnson was not applicable to Defendant's case.

Defendant has now filed a motion seeking appointment of counsel to assist him in seeking relief under Mathis v. United States, 136 S. Ct. 2243 (2016); and United States v. Tanksley, 848 F.3d 347 (5th Cir. 2017), and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), two Fifth Circuit Court of Appeals decisions applying Mathis to direct appeals. Defendant has not filed a habeas petition, but states that he wishes to do so under 28 U.S.C. § 2255(f)(1).

## III. DISCUSSION

The Court denies Defendant's request for appointment of counsel.

> There is no right to counsel on habeas review. Nevertheless, an indigent pro se litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary. The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel. Factors

2

> bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.

Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995) (citations omitted).

Defendant has not filed a complaint or petition, so the Court cannot fully analyze Defendant's request. At this point, based on the little information in Defendant's two-sentence letter, Defendant has not met his burden to show that his proposed claim, filed nine years after his conviction became final, is not frivolous. See 28 U.S.C. § 2255(f) (providing one-year statute of limitations for § 2255 petitions); United States v. Taylor, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (holding that Mathis did not announce a new rule that would restart the § 2255 one-year limitations period); Dawkins v. United States, 829 F.3d 549, 550–51 (7th Cir. 2016) (same).

The Court concludes that, based on the current record, appointment of counsel to file a § 2255 motion with this Court under Mathis would benefit neither Defendant nor the Court. See Nachtigall, 48 F.3d at 1081-82.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant Anthony Isaac Williams' letter request for appointment of counsel [Docket No. 64] is **DENIED**.

Dated: April 20, 2017                s/ Michael J. Davis
                                     Michael J. Davis
                                     United States District Court